IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. BLACK,

    Petitioner,　　　　　　　　No. CIV-06-2835 MCE KJM P

  vs.

MICHAEL C. KRAMER,

    Respondent.　　　　　　　　<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is serving a prison term of eighteen-years-to-life in the California Department of Corrections and Rehabilitation (CDCR). Respondent has filed a motion to dismiss petitioner's habeas application as time-barred.

    Title 28 U.S.C. § 2244 provides as follows, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The convictions at issue in this action became final for purposes of § 2244(d)(1)(A) on October 4, 2004 when petitioner's petition for writ of certiorari to the United States Supreme Court was denied. Resp't's Lodged Doc. #5. The limitations period applicable to this action began running the next day.

On June 22, 2005, petitioner filed an application for collateral relief in the Superior Court of Siskiyou County. Resp't's Lodged Doc. #6 (proof of service attached to application indicates petitioner submitted it to prison officials for mailing on June 22, 2005); Houston v. Lack, 487 U.S. 266, 270 (1988) (documents filed by prisoners deemed "filed" when submitted to prison officials for mailing). The petition was denied, in part, as untimely under California law. Resp't's Lodged Doc. #7. Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, petitioner's Siskiyou County application was not "properly filed" for purposes of § 2244(d)(2) because it was deemed untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's next application for collateral relief was filed in the California Court of Appeal, Third Appellate District on August 20, 2005. Resp't's Lodged Doc. #8; Houston, 487 U.S. at 270. The Court of Appeal denied the application without comment on October 6, 2005. Resp't's Lodged Doc. #9. Petitioner also sought habeas relief in the California Supreme Court,

1  filing in that court on October 14, 2005.  Resp't's Lodged Doc. #10; Houston, 487 U.S. at 270.
2  The Supreme Court denied that petition without comment.  Resp't's Lodged Doc. #11.  Because
3  the state Court of Appeal and Supreme Court denied without comment, this court assumes these
4  applications were denied for the same reasons as the Superior Court application.  Ylst v.
5  Nunnemaker, 501 U.S. 797, 803 (1991).  Therefore, the applications filed in the Court of Appeal
6  and Supreme Court are deemed as based on grounds of untimeliness and cannot provide a basis
7  for tolling under 28 U.S.C. §2244(d)(2).  See Bonner v. Carey, 425 F.3d 1145, 1147-49 & n.13
8  (9th Cir. 2005), as amended by 439 F.3d 993, cert. denied, __ U.S. __, 127 S. Ct. 132 (2006)
9  (lower court's finding of timeliness controls when higher court issues an unexplained denial of
10 an application for collateral relief).

11         In light of the foregoing, and because there is no other basis for tolling the
12 limitations period during the year following the denial of petitioner's application for writ of
13 certiorari, the applicable limitations period ran out on October 4, 2005, more than one year before
14 this action was filed.  Therefore, respondent's motion to dismiss this action as time-barred should
15 be granted.

16         Accordingly, IT IS HEREBY RECOMMENDED that:
17         1.  Respondent's June 8, 2007 motion to dismiss be granted; and
18         2.  This case be dismissed.
19         These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 /////
25 /////
26 /////

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: January 29, 2008.

6  1/blac2835.157                          U.S. MAGISTRATE JUDGE